IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDY MOORE,
    Plaintiff,
 v.          : Case No. 3:13-cv-8-KRG-KAP
SUPERINTENDENT ROZUM, et al.,
    Defendants

Order, Report and Recommendation

Order and Recommendation

    Plaintiff Moore, an inmate at S.C.I. Somerset, has filed a complaint against nine named employees of the Pennsylvania Department of Corrections, plus unnamed "Medical Department Staff Members" at the prison. After screening the complaint under 28 U.S.C.§ 1915A, I recommend that the complaint be dismissed for failure to state a claim. 28 U.S.C.§ 1915(e)(2)(B). Plaintiff is given leave to amend.

    Plaintiff's motion to proceed *in forma pauperis*, docket no. 1, is granted pursuant to the Prison Litigation Reform Act, 28 U.S.C.§ 1915(a)(2), b(1)-(2). In accordance with 28 U.S.C.§ 1915(b)(1), the inmate account officer at any institution where plaintiff may be incarcerated shall forward to the Clerk of the United States District Court for the Western District of Pennsylvania twenty percent of the average monthly deposits to the plaintiff's inmate account for the six months prior to the date of this order, or twenty percent of the average balance of plaintiff's inmate account during the same time period, or the entire balance of the plaintiff's inmate account, whichever is less; and in accordance with 28 U.S.C.§ 1915(b)(2), the inmate account officer

shall begin immediately to deduct from plaintiff's inmate account twenty percent (20%) of each item of income on the date received, accrue these items and forward one payment per month of the amount accrued to the Clerk, whenever the amount in plaintiff's account exceeds $10.00, until the entire filing fee of $350.00 has been paid, regardless of any dismissal of the complaint.

Report

Moore alleges dissatisfaction with his medical care. Fed.R.Civ.P. 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim **showing** that the pleader is entitled to relief." (my emphasis) The Supreme Court held, in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009), that:

**First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.** *Id.,* at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we **"are not bound to accept as true a legal conclusion couched as a factual allegation"** (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, **only a complaint that states a plausible claim for relief survives a motion to dismiss.** *Id.,* at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."** Fed. Rule Civ. Proc. 8(a)(2). (my emphasis)

2

The few allegations of fact that Moore offers do not state personal involvement by all of the defendants in the alleged wrongdoing, see Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir.2005)(civil rights complaint must explain how each defendant was personally responsible for the alleged violation of plaintiff's rights), nor do they amount to a plausible claim that any defendant was deliberately indifferent to Moore's serious medical needs or that Moore suffered any compensable injuries as a result. If not adequately amended, the complaint should be dismissed for failure to state a claim.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation. Under Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir.2002), plaintiff is given leave to amend his complaint within the same time.

DATE: January 28, 2013

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Andy Moore HG-2630
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510

Inmate Account Officer
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510